```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      EASTERN DIVISION

AUBREY "DOC" HICKS, #13714                              PLAINTIFF

VERSUS                         CIVIL ACTION NO.  4:11-cv-84-HTW-LRA

WARDEN DALE CASKEY,
LT. KINO REESE,
N. (NOVAN) WALKER-NAYLOR
and LEE CARMICHAEL                                     DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. The Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the East Mississippi Correctional Institution, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Warden Dale Caskey, Lt. Kino Reese, N. (Novan) Walker-Naylor and Lee Carmichael. The Plaintiff seeks as relief that the Rules Violation Report which is the subject of the instant civil action be expunged from his inmate record, that he be granted monetary damages and injunctive relief.

### Background

Plaintiff states that he was issued a "bogus and fabricated (RVR) Rule Violation Report by Ofc. M. Nolan Walker-Naylor." Compl. [1] at p. 3. As a result of receiving the RVR, Plaintiff complains that his custody classification was reduced. *Id.* Plaintiff asserts that his constitutional right of due process was violated during this disciplinary proceeding. *Id.*

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, this case will be dismissed as frivolous.[1]

In order to state a cognizable complaint pursuant to 42 U.S.C. § 1983, Plaintiff must allege that the Defendants deprived him of a right secured to the plaintiff by the Constitution or the laws of the United States.  *See Baker v. McCollan*, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692, 61 L. Ed. 2d 433 (1979).  It is clear that Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated.  *Meacham v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification).  The

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

To invoke the protections of the Due Process Clause, the Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995). The classification of Plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. The United States Court of Appeals for the Fifth Circuit applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (holding that an inmate's 30-day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Zamora v. Thaler*, 407

Fed. Appx. 802 (5th Cir. Jan. 5, 2011)(finding that due process concerns are not implicated when a prisoner receives as punishment restrictions on visitation). As such, the Court finds that Plaintiff has failed to state a viable constitutional cause of action.

## Conclusion

For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Plaintiff's complaint should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

Since this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "strike." If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

SO ORDERED this the day of August, 2011.

        s/ HENRY T. WINGATE
         UNITED STATES DISTRICT JUDGE

Memorandum Opinion and Order
Civil action no. 4:11-cv-84-HTW-LRA